## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2012

No. 11-50068

Lyle W. Cayce
Clerk

COLONY NATIONAL INSURANCE COMPANY,

Plaintiff - Appellant,

v.

MANITEX, L.L.C.; MANITEX, INCORPORATED; MANITEX SKYCRANE,
L.L.C.; QUANTUM EQUIPMENT, L.L.C. formerly known as Quantum
Heavy Equipment, L.L.C.; QUANTUM VALUE MANAGEMENT, L.L.C.,
QUANTUM VALUE PARTNERS, L.P.; JLG INDUSTRIES,
INCORPORATED,

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CV-724

Before DeMOSS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Colony National Insurance Company ("Colony") appeals the district court's
summary judgment in favor of Manitex, L.L.C. ("Manitex") and the district
court's denial of Colony's motion for summary judgment. Pursuant to an
insurance policy (the "policy") that Manitex purchased from Colony, Colony was

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

required to defend and indemnify Manitex when Manitex assumed the "tort liability" of another party through an "insured contract" as the policy defines those terms. The district court determined that Colony was required to defend Manitex in the underlying lawsuit because Manitex had assumed the tort liability of a third party through an insured contract. We hold, however, that under the plain language of the policy, Manitex did not assume tort liability through an insured contract, and therefore, Colony was not obligated to defend Manitex. Accordingly, we REVERSE the district court's summary judgment in favor of Manitex and REMAND for entry of summary judgment in favor of Colony.

## I.

The following facts are undisputed. JLG Industries, Inc. ("JLG") manufactured and sold a boom truck crane line of products to Powerscreen, USC, Inc. ("Powerscreen"), and Powerscreen assumed JLG's liabilities associated with the cranes. Powerscreen later sold the cranes to another company, Manitowoc, which assumed the associated liabilities. Manitowoc subsequently changed its name to Manitex.

Manitex purchased an insurance policy from Colony that covered the time period from December 30, 2005, to December 30, 2006. On November 8, 2006, a JLG-manufactured crane allegedly malfunctioned, injuring Hugh Hawkins and Joshua Martin. Hawkins and Martin sued JLG under theories of negligence, breach of warranty, and strict liability. Manitex defended JLG based upon its perceived obligation to do so under its purchase agreement with Powerscreen.

Colony sought a declaratory judgment from the district court that it had no duty to defend or indemnify Manitex. Manitex, in turn, sought a declaratory judgment that the policy covered defense of the Hawkins/Martin suit against JLG and indemnity for damages arising out of it. On cross-motions for summary judgment, the district court denied Colony's motion and granted Manitex's

No. 11-50068

motion with regard to Colony's duty to defend.  Because the Hawkins/Martin lawsuit was ongoing at the time, the district court denied as premature both motions with respect to Colony's duty to indemnify.  The district court certified its summary judgments regarding the duty to defend for interlocutory appeal, and we granted permission to appeal.

## II.

We review a grant or denial of summary judgment under the *de novo* standard of review.  *First Am. Bank v. First Am. Transp. Title Ins. Co.*, 585 F.3d 833, 836–37 (5th Cir. 2009).  The parties agree that Texas law applies to our review of the subject insurance policy.  In Texas, insurance policies are construed using traditional rules of contract construction.  *Tex. Farm Bureau Mut. Ins. Co. v. Sturrock*, 146 S.W.3d 123, 126 (Tex. 2004).  If a policy provision has only one reasonable interpretation, it is unambiguous and is construed as a matter of law.  *Id.*  If an exclusion has more than one reasonable interpretation, it is construed in favor of the insured.  *Id.*

## III.

Colony argues that the policy does not cover any liabilities transferred from Powerscreen to Manitex and that, therefore, it is obligated neither to defend nor indemnify Manitex in the Hawkins/Martin–JLG lawsuit. Evaluation of that argument requires detailed reference to certain key provisions of the policy, the JLG–Powerscreen Purchase Agreement, and the Powerscreen–Manitex Purchase Agreement.  Accordingly, an introduction to those provisions follows.

The policy states in relevant part: "[Colony] will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies."  An exclusion to that coverage provision provides that the insurance does not apply to "Contractual Liability," that is, "'Bodily injury' or 'property damage' for which the insured is

3

obligated to pay damages by the reasons of the assumption of liability in a contract or agreement." An exception to that exclusion provides that "[t]his exclusion does not apply to liability for damages: . . . (2) Assumed in an 'insured contract,' provided that the 'bodily injury' or 'property damage' occurs subsequent to the execution of the contract or agreement." Thus, the "Contractual Liability" exception removes from coverage Manitex's contractual assumption of liability, but the "insured contract exception" brings "insured contracts" back into coverage.

The policy defines "insured contract" as follows:

"Insured contract" means:

. . . .

f. That part of any other contract or agreement pertaining to your business (including indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

The parties dispute whether the Powerscreen–Manitex Purchase Agreement is an insured contract. If Manitex assumed JLG's tort liability by way of the Powerscreen–Manitex Purchase Agreement, then the Powerscreen–Manitex Purchase Agreement would be an insured contract. Accordingly, the liability would fall under the exception to the contractual liability exclusion, rendering it covered by the policy.

Colony argues that the Powerscreen–Manitex Purchase Agreement was not an insured contract. Specifically, it contends that JLG is the only entity that has any "tort liability" as the policy defines that term because only JLG's liability would be imposed by law in the absence of any contract or agreement. Manitex's liability, argues Colony, can only be imposed by operation of the Powerscreen–Manitex Purchase Agreement. Therefore, that liability is not "tort

liability," but contractual liability, and as a result, the Powerscreen–Manitex Purchase Agreement is not an insured contract, and Manitex's liability falls within the contractual liability exclusion and outside of coverage by the policy.

The district court rejected Colony's argument for three reasons. First, the district court found the policy ambiguous and noted that where a policy is ambiguous, a "court must adopt the construction of an exclusionary clause urged by the insured as long as that construction is not unreasonable, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Hudson Energy Co., Inc.*, 811 S.W.2d 552, 555 (Tex. 1991). Accordingly, because the district court found Manitex's interpretation of the policy reasonable, it found that it was obligated to adopt Manitex's interpretation. Second, the district court found Colony's interpretation strained because, in its view, Manitex assumed, through contract, "the tort liability of another party," JLG, to pay for the bodily injury of two third parties, Hawkins and Martin. Third, the district court concluded that "Colony's interpretation flies in the face of common sense," because "[a]n insurance policy that specifically covered contractually-assumed tort liability, yet removed from coverage any agreement involving more than a single contractual link, seems unlikely to have been intended by the parties." Because we find the policy unambiguous, we disagree with each of these determinations.

Where a policy is unambiguous, we need not, as the district court did, adopt the construction urged by the insured even if the construction urged by the insurer appears to be more reasonable. *Sturrock*, 146 S.W.3d at 126 (explaining that rules of construction like the one that favors an insured's construction of an exclusionary clause even where it is less reasonable than the insurer's construction only apply when construing ambiguous contracts).

No. 11-50068

Manitex did not assume tort liability (as the policy defines that term) through the Powerscreen–Manitex Purchase Agreement.   The Purchase Agreement provides that Manitex assumed "[a]ll liabilities of the Seller [(Powerscreen)] for claims, . . . and actions in law . . . brought after the Effective Time of Closing by any Person seeking recovery from personal injury."  Thus, according to the Purchase Agreement's plain language, Manitex assumed *Powerscreen*'s liability.  Powerscreen's liability arose strictly from a contract, namely, its purchase agreement with JLG.  If that contract did not exist, then Powerscreen would have had no liability related to the Hawkins and Martin claims.  Powerscreen's liability, therefore, was not one that "would be imposed by law in the absence of any contract or agreement."  Therefore, it was not "tort liability."   Given that Manitex did not assume tort liability through the Powerscreen–Manitex Purchase Agreement, that Agreement was not an "insured contract."[1]

For these reasons, we REVERSE the district court's decision to enter summary judgment in favor of Manitex.  Because there are no factual disputes to resolve on remand, we REMAND for entry of summary judgment in favor of Colony.

---

[1] Manitex also argues as follows:

> To fit the definition of an Insured Contract, a contract must simply be one under which the insured "assume[s] the tort liability of *another* party."  The definition plainly contemplates that an Insured Contract could be one in which the insured assumed the tort liability of any other person or entity, not just the other party to the contract.

Manitex is correct that an insured contract *could* be one in which the insured assumed the tort liability of any other person or entity, not just the other party to the contract.  That is not the case here, however, where the policy explicitly provides that Manitex assumed "[a]ll liabilities of the Seller [(Powerscreen)]" and does not address the tort liability of any other party.

6